NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3281

GERALD D. WILSON, JR.,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.


Gerald D. Wilson, Jr., of Landover, Maryland, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3281

GERALD D. WILSON, JR.,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in DC315H080700-B-1.

_____

DECIDED:  January 5, 2010

_____

Before BRYSON, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Gerald D. Wilson, Jr. ("Wilson") seeks review of a final decision of the Merit Systems Protection Board ("Board") sustaining the decision of the Department of the Army ("Army") to terminate Wilson from his position as a probationary employee. Because Wilson has presented us with no proper grounds on which to overturn the Board's decision, we <u>affirm</u>.

Wilson is a member of the Army National Guard.  He was hired as a Legal Assistant, GS-6, in the Army's Office of the Staff Judge Advocate, effective June 23, 2008.  The appointment was subject to the completion of a one-year probationary period.  On August 1, 2008, before the probationary period was completed, Wilson was

terminated because he claimed that he was performing National Guard duty when he was actually on a cruise with his family.

Wilson appealed his termination to the Board, raising two allegations: improper removal and a violation of the Uniformed Services and Reemployment Rights Act of 1994 ("USERRA"). As to the removal claim, the Board concluded that it lacks jurisdiction over his termination because he was a probationary employee at the time of his termination and was thus not an "employee" within the meaning of 5 U.S.C. § 7511(a)(1) (2006). Wilson v. Dep't of the Army, DC315H080700-B-1 (M.S.P.B. Sept. 10, 2008) ("Removal Decision"). As to the USERRA claim, the Board held that he had not shown that his military service was a substantial or motivating factor in the Army's decision to terminate his employment. Wilson v. Dep't of the Army, DC315H080700-B-1 (M.S.P.B. Jun. 26, 2009) ("USERRA Decision"). This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

The scope of our review of Board decisions is defined and limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

A probationary employee is not an "employee" as defined in 5 U.S.C. § 7511(a)(1), and except in some limited circumstances, is excluded from the statutory appeals process before the Board. See 5 C.F.R. § 315.806 (2009). Here, Wilson has not alleged that his removal claim falls within any of the limited circumstances in which a

probationary employee enjoys a right of appeal. Instead, Wilson appears to argue that he was no longer a probationary employee at the time of his removal, citing three years of Federal civilian service in a previous position. "Prior Federal civilian service . . . counts toward completion of probation when the prior service . . . is followed by no more than a single break in service that does not exceed 30 calendar days." 5 C.F.R. § 315.802(b). The Board found that Wilson had resigned from his former position on February 29, 2008, which was more than 30 calendar days before being hired for the Legal Assistant position. Removal Decision at 4. The Board therefore concluded that his prior service could not be counted towards the probationary period of his later appointment. Id. Because Wilson does not dispute that he performed no qualifying Federal civilian service less than 30 calendar days before being hired for the Legal Assistant position, we affirm the Board's dismissal of his removal claim.

To prevail on his USERRA claim, Wilson must show by a preponderance of the evidence that his status as a military service member was a "substantial or motivating factor" in the Army's decision to terminate his employment. Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001). During the Board hearing, Wilson acknowledged that "he had no evidence that the agency's action was motivated by discrimination based on military service other than his personal belief that unidentified agency officials did not like employees being absent." USERRA Decision at 6. The Board credited the testimony of the Army's deciding official that the decision to terminate Wilson was based solely on his lack of truthfulness regarding his leave. Id. at 7. Because the Board's credibility determinations are virtually unreviewable, and because Wilson has failed to substantiate his personal belief with any evidence that his

military status was a substantial or motivating factor in his termination, we have no basis on which to overturn the Board's denial of his USERRA claim.

For the foregoing reasons, the decision of the Board is <u>affirmed</u>.

COSTS

No costs.